# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
GAYLE LANEY,                    )
                                )
Plaintiff,                      )
                                )
vs.                             )   NO. 2:11-CV-318
                                )
ROGER BOWLES of the             )
Porter County Sheriff's         )
Department, et al.,             )
                                )
Defendants.                     )
```

## OPINION AND ORDER

This matter is before the Court on Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, filed on February 9, 2012. For the reasons set forth below, this motion is **GRANTED**. The defamation claims, Fifth and Fourteenth Amendment substantive due process claims, and any alleged malicious prosecution claims contained in the amended complaint are **DISMISSED**. Plaintiff's First and Fourth Amendment claims remain pending.

BACKGROUND

On August 31, 2011, pro se Plaintiff, Gayle Laney ("Laney"), filed a complaint against Defendants, Roger Bowles and the Porter County Sheriff's Department. Laney filed an amended complaint on January 26, 2012. The following facts are based on the allegations

contained in the amended complaint, which this Court accepts as true at this stage in the litigation.

In August of 2009, Elliot Tailford ("Tailford") arrived at Laney's home and informed her that his vehicle had run out of gasoline. Laney then drove Tailford to the area where his disabled vehicle was located. There, they discovered that Tailford's car was hooked to a tow truck. The tow truck driver informed them that the police ordered the vehicle be towed. Defendant, Porter County Sheriff's Department Officer Roger Bowles ("Officer Bowles"), arrived on the scene shortly thereafter.

A verbal and physical altercation then transpired between Officer Bowles and Tailford. Additional Porter County Sheriff Officers arrived on the scene. Ultimately, Laney was allowed to leave the scene, but Tailford was arrested. The next day, Laney arrived at the Porter County Sheriff Department asking to file a complaint against Officer Bowles. Laney then filed an internal complaint with the Porter County Sheriff's Office regarding Officer Bowles' conduct surrounding the arrest of Tailford.

The day after Laney filed her internal complaint against Officer Bowles, Officer Bowles and the Porter County Sheriff's Department forwarded a fabricated affidavit to the prosecutor's office, seeking an arrest warrant for Laney. A warrant for Laney's arrest was issued shortly thereafter and Laney was arrested. As a result, Laney alleges: (1) a violation of her Fourth Amendment

rights for false arrest; (2) a violation of her First Amendment rights because she was arrested in retaliation for filing the complaint with the Porter County Sheriff's Department; (3) defamation; and (4) a deprivation of her due process rights under the 5th and 14th Amendments to the U.S. Constitution.  In addition, Defendants read the amended complaint to include a claim against them for malicious prosecution.

In the instant motion, Defendants move to dismiss Laney's claims of defamation, arguing that Officer Bowles is immune from liability under the Indiana Tort Claims Act and there is no cognizable claim for defamation under Title 18 U.S.C. section 1983. Defendants also seek to dismiss Laney's Fifth and Fourteenth Amendment substantive due process claims, as they are duplicative of her Fourth Amendment claims.  Finally, Defendants argue that Laney's due process claim is, for all intents and purposes, a claim for malicious prosecution, a federal claim which cannot be maintained because Indiana state law provides a remedy for malicious prosecution.

DISCUSSION

In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*,

272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff has an obligation under Rule 8(a)(2) to provide grounds of his entitlement to relief, which requires more than labels and conclusions. *Id.* at 1965. A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* Moreover, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *Jefferson v. Ambroz*, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

<u>Laney has not alleged an actionable defamation claim</u>

Laney's defamation claims are based on the allegedly fraudulent statements that were provided by Officer Bowles in his police report and probable cause affidavit. Laney has not specified whether she is bringing state or federal defamation claims. In an abundance of caution, Defendants address both.

Defendants have moved to dismiss Laney's state law defamation claim, arguing that Officer Bowles is immune from liability for any such state law claim under the Indiana Tort Claims Act. In addition, Defendants seek to dismiss any alleged federal defamation claim, arguing there is no cognizable federal claim for defamation under Title 42 U.S.C. section 1983.

To the extent the amended complaint alleges defamation under Indiana state law, Laney's claim must be dismissed as Officer Bowles is immune under the Indiana Tort Claims Act ("ITCA"), Indiana Code, section 34-13-3-3. Under the ITCA, a governmental employee, such as Officer Bowles, is entitled to immunity from a state tort claim, including defamation, if: (1) Officer Bowles was acting within the scope of his employment; and (2) Laney's alleged loss occurred as a result of Officer Bowles' performance of his discretionary functions or law enforcement activities. Ind. Code § 34-13-3-3(7)(8); *Miller v. City of Anderson*, 777 N.E.2d 2 1100, 1104 (Ind. Ct. App. 2002). Based on the allegations of the complaint, Laney's alleged harm was a result of Officer Bowles falsely reporting facts in a police report and probable cause affidavit. Indiana law has deemed such activities to be "participating in discretionary and law enforcement activities." *Bodor v. Town of Lowell*, 2007 WL 1035085, No. 2:05-CV-268, *10 (March 28, 2007 N.D. Ind.)(finding that even if officer was "falsely informing media and community of Plaintiff's" actions,

such reporting would be entitled to immunity because issuing the report constituted discretionary and law enforcement activities). Because Officer Bowles' alleged actions constitute discretionary and law enforcement activities, he is afforded immunity under the ITCA and the state law defamation claim must be dismissed.

To the extent the amended complaint alleges defamation pursuant to 42 U.S.C. section 1983, that claim is dismissed. As Defendants point out, it is well established that defamation, without more, is not sufficient to establish a claim under section 1983. *Paul v. Davis*, 424 U.S. 693 (1976)(holding that "the interest in reputation . . . is neither a 'liberty' nor 'property' interest guaranteed against state deprivation without due process of law."). Laney does not argue to the contrary.

Laney has not alleged a substantive due process claim

Laney alleges that Defendants violated her Fourth, Fifth and Fourteenth Amendment rights when they filed a false arrest warrant for her, which led to her being arrested without probable cause. Defendants argue that Laney's Fifth and Fourteenth Amendment substantive due process claims should be dismissed because they are simply a recast of her claim of false arrest under the Fourth Amendment.

Laney's constitutional claim centers around her being falsely arrested due to Officer Bowles filing a fraudulent arrest warrant

that led to her being arrested without probable cause. This Circuit has made clear that these allegations do not give rise to a substantive due process claim under either the Fourteenth or Fifth Amendments. *Alexander v. McKinney*, 2012 WL 3194929, No. 11-3539 *3 (7th Cir. Aug. 8, 2012); *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003). Accordingly, Laney's substantive due process claims under the Fourteenth and Fifth Amendments cannot stand.[1]

Even if the allegations could give rise to a substantive due process claim, they would be dismissed because they are duplicative of the Fourth Amendment claim. As Defendants point out, "a substantive due process claim may not be maintained when a specific constitutional provision (here the Fourth Amendment) protects the right allegedly violated." *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003)(citing *United States v. Lanier*, 520 U.S. 259, 272 (1997) and *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

---

[1] However, it is worth repeating that Laney's Fourth Amendment claim is for false arrest against state officers. Because the claim is against state officers, the Fourth Amendment applies only as incorporated through the due process claim of the Fourteenth Amendment. *Wolf v. Colorado*, 338 U.S. 25, 27 (1949); *McKinney v. George*, 726 F.2d 1183, 1186 (7th Cir. 1984). Since it is undisputed that Laney has alleged a Fourth Amendment violation, her Fourteenth Amendment claim may not be dismissed in its entirety at this time.

While the Fourteenth Amendment applies to the states, the Fifth Amendment applies to the federal Government. *United States v. Nagel*, 559 F.3d 756, 760 (7th Cir. 2009); *Love v. Bolinger*, 927 F.Supp. 1131, 1137 (S.D. Ind. 1996). The amended complaint has failed to attribute any specific acts to Defendants which could be construed to implicate the Fifth Amendment.

Laney concedes that she is not
<u>asserting a claim for malicious prosecution</u>

Defendants argue that the amended complaint asserts a malicious prosecution claim and that claim should be dismissed. However, Laney concedes that she "is not and has not made a claim of malicious prosecution." (DE # 28, p. 3). Accordingly, any alleged malicious prosecution claim is dismissed.


<u>CONCLUSION</u>

For the reasons set forth above, this motion is **GRANTED**. The defamation claims, Fifth and Fourteenth Amendment substantive due process claims, and any alleged malicious prosecution claims contained in the amended complaint are **DISMISSED**. Plaintiff's First and Fourth Amendment claims remain pending.



**DATED: September 10, 2012**          **/s/RUDY LOZANO, Judge**
                                        **United States District Court**