```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION


GAYLE LANEY,                     )
                                 )
     Plaintiff,                  )
                                 )
vs.                              )    NO. 2:11-CV-318
                                 )
ROGER BOWLES, et. al.,           )
                                 )
     Defendants.                 )
```

## OPINION AND ORDER

This matter is before the Court on the Defendants' Partial Motion for Summary Judgment, filed by Defendants, Officer Roger Bowles and the Porter County Sheriff's Department, on February 18, 2014 (DE #45). For the reasons set forth below, the motion (DE #45) is **GRANTED**. Summary judgment is hereby **GRANTED** on Plaintiff's First Amendment claims, which are **DISMISSED WITH PREJUDICE**, and summary judgment is **GRANTED** as to Defendant, Porter County Sheriff's Department, who is hereby **DISMISSED** from the case. Plaintiff's remaining claim for violation of the Fourth Amendment **REMAINS PENDING** against Defendant, Officer Roger Bowles.

BACKGROUND

Plaintiff, Gayle Delisio Laney, filed an amended complaint in this case on January 26, 2012. Defendants, Officer Roger Bowles,

and the Porter County Sheriff's Department, filed a partial motion to dismiss, and in an order dated September 10, 2012, this Court granted that motion, dismissing the defamation claims, 5th and 14th Amendment substantive due process claims, and any alleged malicious prosecution claims contained in the amended complaint. (DE #31.) Plaintiff's 1st and 4th Amendment claims remained pending. She alleges that her 1st Amendment rights were violated when she was arrested in retaliation for filing an internal complaint with the Porter County Sheriff's Department. (Am. Compl., pp. 7-8.) Plaintiff also alleges that her 4th Amendment rights were violated when she was arrested absent probable cause. *Id.* Defendants, Officer Roger Bowles of the Porter County Sheriff's Department, and the Porter County Sheriff's Department, deny those allegations.

In the instant motion for partial summary judgment, Defendants claim judgment is appropriate for the alleged 1st Amendment violation, and for the section 1983 claims against the Porter County Sheriff's Department. Defendants do not address Plaintiff's allegations of 4th Amendment violations in their motion for summary judgment (DE #46, p. 2), therefore, those claims will remain pending. Defendants filed their motion for summary judgment and memorandum in support on February 18, 2014. (DE ##45, 46.) Plaintiff filed a response on March 14, 2014 (DE #47). Defendants then filed a reply on March 26, 2014 (DE #49). Therefore, this motion is fully briefed and ready for adjudication.

DISCUSSION

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant must support its assertion that a fact is genuinely disputed by citing to particular parts of materials in the record. Fed. R. Civ. P. 56(c); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).

"Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect* the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"A party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley Country REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.,* 955 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Undisputed Findings of Fact

In Defendants' partial motion for summary judgment, under the subsetting "statement of material facts," Defendants set forth facts they propose are undisputed, with each fact supported by a

4

citation to exhibits in the record. (DE #46, pp. 2-4.) Plaintiff claims that "representing that there are no undisputed issues of fact, when it is obvious that there are some is sanctionable." (DE #47, p. 2) However, no section of Plaintiff's response memorandum (DE #47) is designated as a statement of disputed facts. Local Rule 56-1 provides that a party opposing summary judgment must file a response brief and "any materials that the party contends raise a genuine dispute." L.R. 56-1(b)(1)(B). Additionally, the response brief or its appendix must specifically "include a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." L.R. 56-1(b)(2).

Plaintiff did not comply with the rules. Rather, her response consists of pages of "legal analysis," (DE #47, pp. 1-4), which do not directly address the statement of material facts proposed by Defendants, or identify material facts that Plaintiff contends are genuinely disputed as to necessitate trial. Because Plaintiff has not properly disputed any of the facts identified by Defendants in their statement of material facts, and has not set forth any additional facts or evidence (aside from the documents he designated and attached), the Court must take the facts in Defendants' statement as admitted. L.R. 56.1; *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting the Seventh Circuit has routinely sustained "the entry of summary judgment when

citation to exhibits in the record. (DE #46, pp. 2-4.) Plaintiff claims that "representing that there are no undisputed issues of fact, when it is obvious that there are some is sanctionable." (DE #47, p. 2) However, no section of Plaintiff's response memorandum (DE #47) is designated as a statement of disputed facts. Local Rule 56-1 provides that a party opposing summary judgment must file a response brief and "any materials that the party contends raise a genuine dispute." L.R. 56-1(b)(1)(B). Additionally, the response brief or its appendix must specifically "include a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." L.R. 56-1(b)(2).

Plaintiff did not comply with the rules. Rather, her response consists of pages of "legal analysis," (DE #47, pp. 1-4), which do not directly address the statement of material facts proposed by Defendants, or identify material facts that Plaintiff contends are genuinely disputed as to necessitate trial. Because Plaintiff has not properly disputed any of the facts identified by Defendants in their statement of material facts, and has not set forth any additional facts or evidence (aside from the documents he designated and attached), the Court must take the facts in Defendants' statement as admitted. L.R. 56.1; *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting the Seventh Circuit has routinely sustained "the entry of summary judgment when

non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

As submitted by Defendants, and supported by appropriate citations to the record, the undisputed facts are as follows:

Elliot Tailford was Plaintiff's daughter's boyfriend. (Laney Dep., p. 46.) When Plaintiff arrived home on August 28, 2009, Tailford was at her house. *Id.* Tailford told Plaintiff his vehicle ran out of gas. *Id.* Plaintiff drove him to his vehicle to put gas in it, and discovered Tailford's car hooked up to the back of a tow truck. (*Id.*, pp. 47-48.) They asked the tow truck driver why the car was being towed. *Id.* The tow truck driver told them he was ordered by an officer to tow the vehicle and the police were on their way. (*Id.*, pp. 48, 50-51.)

Shortly thereafter, Defendant, Officer Bowles, pulled up behind the tow truck in his squad car. (*Id.*, p. 55.) Officer Bowles and Tailford had a verbal altercation that turned into a physical altercation. (*Id.*, pp. 60-63.) During the physical altercation, Officer Bowles sustained a broken right ankle. (Bowles Dep., p. 10.) Officer Bowles put handcuffs on Tailford and backup officers arrived. (Ex. B., p. 63.)

Officer Bowles stated that he would have put Plaintiff in handcuffs too, but his one set of cuffs was used to secure Tailford. (Bowles Dep., pp. 92-93.) Officer Bowles did not arrest

6

Plaintiff on August 28, 2009, but he did tell responding officers that he wanted Plaintiff to be arrested. (*Id.*, pp. 59, 61.) Plaintiff was not detained due to a lack of communication with the responding officers. (*Id.*, p. 61-62.) Plaintiff left the scene in her own vehicle. (Laney Dep., p. 68.)

Two days later, on August 30, 2009, Plaintiff submitted an internal complaint with the Porter County Sheriff's Department. (Laney Dep., pp. 83-84.) She submitted the report to the front desk at the Porter County Sheriff's Department. (*Id.*, p. 84.) She did not fill out any forms or have any conversations with anyone. *Id.* Plaintiff does not know what happened to the complaint after she turned it in at the Porter County Sheriff's Department. (*Id.*, p. 85.)

Officer Bowles testified during his deposition that he completed affidavits for probable cause for the arrest of Laney the day after the tow truck incident, on August 29, 2009. (Bowles Dep., pp. 27, 37; see affidavits for probable cause, attached as group Exhibit D.) The affidavits were for resisting law enforcement, disorderly conduct, and obstructing traffic. *Id.* Bowles prepared the affidavits on August 29, 2009, on a Porter County Sheriff's Department issued laptop and submitted the affidavits to the department via their wireless connection. (Bowles Dep., pp. 54-55.) Sometime thereafter, the Porter County Sheriff's Department's Records Bureau submitted the affidavits for

7

probable cause to the prosecutor's office. (*Id.*, p. 50.) The affidavits for probable cause were filed with the court by the prosecutor's office on September 1, 2009. (Group Ex. D.)

The prosecutor's office brought the charges against Plaintiff. (Bowles Dep., pp. 52-53.) Warrants were issued for Plaintiff's arrest by the court. (*Id.*, p. 97.) Officer Bowles does not have the authority to issue arrest warrants on his own. *Id.* Officer Bowles first became aware that Plaintiff had filed an internal complaint with the Porter County Sheriff's Department after he submitted his affidavits for probable cause to the Porter County Sheriff's Department on August 29, 2009 - sometime later the following week. (*Id.*, p. 53.)

Plaintiff then received two or three citations from the Porter County Sheriff's Department for her dogs barking after the August 28, 2009 incident. (Laney Dep., pp. 27-33.) The citations were not issued by Officer Bowles. (*Id.*, pp. 31-35.) Plaintiff has never had any contact with Officer Bowles regarding the citations involving her barking dogs. (*Id.*, p. 39.) Officer Bowles was unaware that Plaintiff was receiving citations regarding her dogs until he learned about it during Plaintiff's deposition. (Bowles Dep., pp. 72-73.)

Sometime in 2012, Plaintiff received a citation from a Porter County Sheriff's officer because she was missing a side mirror on her vehicle. (Laney Dep., p. 95.) Plaintiff has no knowledge that

8

any Porter County officer ever saw or read her internal complaint that she filed on August 30, 2009. (*Id.*, p. 96.)

First Amendment Claim

Plaintiff states in her opposition memorandum that she agrees that Defendants have cited the relevant law regarding the violation of Plaintiff's First Amendment Rights. (DE #47, p. 2.) "The law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions. . . for speaking out." *Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012) (quotation omitted). To make out a prima facie case on summary judgment, Plaintiff must show: "(1) they engaged in activity protected by the First Amendment; (2) they suffered a deprivation that would likely deter First Amendment activity; and (3) the First Amendment activity was at least a motivating factor in the police officer's decision." *Id.* A "plaintiff need only show that a violation of his First Amendment rights was a 'motivating factor' of the harm he's complaining of"; once he shows that, "the burden shifts to the defendant to show that the harm would have occurred anyway." *Id.* at 252 (citing *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2001); *Spiegla v. Hull*, 371 F.3d 928, 941-43 (7th Cir. 2004)).

Here, Plaintiff alleges she was exercising her First Amendment rights when she filed her internal complaint with the Porter County

Sheriff's Department on August 30, 2009, and was then arrested in retaliation for filing the complaint. Plaintiff has not shown any evidence whatsoever in the record that her internal complaint was at least a motivating factor in the decision to arrest her. Rather, Defendants have put forth undisputed evidence that Officer Bowles already prepared and submitted affidavits for probable cause for Plaintiff's arrest on August 29, 2009, one day before Plaintiff submitted her internal complaint, and days before Officer Bowles even became aware that an internal complaint had been filed. Plaintiff argues in her memorandum that the actual affidavits do not reveal when they were prepared, because the only date contained on the affidavits is September 1, 2009, when they were filed with the Court. But Plaintiff has put forth no evidence whatsoever that the affidavits were *not* drafted on August 29, 2009, as testified by Bowles. *See, e.g., Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) (a party opposing summary judgment cannot merely rely on allegations in pleadings, but must present the court will evidence to prove his case). Plaintiff argues that "[g]iven the activities Laney quickly undertook regarding Bowles, it is reasonable to infer that Bowles was notified as early as Friday, August 28, 2009 that Laney was complaining about his treatment of her." (DE #47, p. 3.) However, mere allegations in a complaint and unsupported assertions in a response brief need not be considered by the Court as evidence at the summary judgment stage.

See *Tibbs v. City of Chicago*, 469 F.3d 661, 663 n.2 (7th Cir. 2006) (stating mere allegations of a complaint are not evidence, and contentions must be supported with citations to admissible evidence at the summary judgment stage); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quotation omitted) ("summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."). To the extent Plaintiff is trying to argue that the dog citations and missing side mirror citation were retaliations (and these allegations are not even contained in the amended complaint, but rather brought up during her deposition), she has also failed to put forth any evidence to suggest that the citations were a result of her filing the internal complaint.

Because it is undisputed that Officer Bowles had already prepared the affidavits for probable cause for Plaintiff's arrest even before she filed the internal complaint, Plaintiff has failed to show the First Amendment activity was a motivating factor for her arrest. As such, summary judgment is warranted in favor of Defendants on the claim for alleged violation of the First Amendment.

<u>Section 1983 Claim Against Porter County Sheriff's Department</u>

In their motion for summary judgment, Defendants assert that

11

the Porter County Sheriff's Department is entitled to summary judgment in its favor because Plaintiff fails to allege that her injury was caused by an unconstitutional custom, policy, or practice of the Porter County Sheriff's Department. Plaintiff completely fails to address this issue in her memorandum in opposition. Plaintiffs' arguments on these points are therefore waived. *See E.E.O.C. v. U.S. Bell*, No. 2:03-CV 237-PRC, 2005 WL 1683979, at *15 (N.D. Ind. Jul. 19, 2005) (holding issues raised in summary judgment motion that non-moving party does not properly respond to are deemed waived); *see also Palmer v. Marion Cnty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (holding arguments not presented to the court in response to a summary judgment motion are waived).

Even assuming, *arguendo*, Plaintiff had not waived the argument, her position would still fail. Defendants argue that the Porter County Sheriff's Department is entitled to summary judgment because Plaintiff cannot prove that the Sheriff's Department acted pursuant to an unconstitutional custom, policy, or practice, as required by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). When a plaintiff brings suit against a municipality under section 1983, the plaintiff must allege the existence of an unconstitutional policy or custom of the municipality in order to survive summary judgment. *See St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) ("[local] governments should be held responsible when, and only when, their official

policies cause their employees to violate another person's constitutional rights"); *see also Monell*, 436 U.S. at 690-91. A municipality cannot incur liability in an action under section 1983 merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. Municipal liability under section 1983 is limited. In *Monell*, the Supreme Court restricted liability to cases in which "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated" by that body's officers. *Id.* at 690. A plaintiff seeking to find a municipality liable under section 1983 must also establish a causal nexus between his injury and the municipality's alleged policy or custom. *Id.* at 693-94.

Here, Plaintiff has failed to set forth any allegations of an alleged policy, practice or custom causing her alleged unconstitutional deprivation, much less any evidence of how such supposed policy caused her alleged constitutional deprivation. *See, e.g., Cook v. Lain*, No. 2:10-CV-411-PRC, 2013 WL 866876, at *14 (N.D. Ind. Mar. 7, 2013) (granting summary judgment in favor of sheriff defendant where plaintiff offered no evidence of express policy or custom, or that it caused the alleged constitutional deprivation). As such, the Court grants summary judgment in favor of Defendant, the Porter County Sheriff's Department.

CONCLUSION

For the reasons set forth below, the motion for partial summary judgment (DE #45) is **GRANTED**. Summary judgment is hereby **GRANTED** on Plaintiff's First Amendment claims, which are **DISMISSED WITH PREJUDICE**, and summary judgment is **GRANTED** as to Defendant, Porter County Sheriff's Department, who is hereby **DISMISSED** from the case. Plaintiff's remaining claim for violation of the Fourth Amendment **REMAINS PENDING** against Defendant, Officer Roger Bowles.


**DATED: June 3, 2014**               /s/ RUDY LOZANO, Judge
                                      **United States District**